# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| JAMES FRAZEE, § | |
| Plaintiff, § | |
| v. § | |
| § | |
| DEARBORN COUNTY SHERIFF'S § | |
| DEPARTMENT; SHERIFF MICHAEL § | CAUSE NO. : 4:16-CV-5 |
| KREINHOP, AND JOHN DOES, § | |
| UNKNOWN SHERIFF DEPUTIES/JAIL § | |
| STAFF, in their § | |
| individual capacities, § | |
| § | |
| Defendants. § | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Nature of the Case

1. This is an action for damages brought by James Frazee against the Dearborn County Sheriff's Department, Sheriff Michael Kreinhop, and various unknown sheriff deputies and jail staff in their (in his individual capacities). The Defendants recklessly and indifferently failed to provide James Frazee proper medical treatment and accommodations in violation of the 8th Amendment to the United States Constitution, and have committed the Indiana tort of negligence.

### Jurisdiction, Venue and Causes of Action

2. This court has original subject matter jurisdiction of the federal questions presented herein pursuant to 28 U.S.C. §§1331 and 1343. This court has supplemental jurisdiction over Plaintiff's state law claims under 29 U.S.C. § 1367 because those claims arise out of the same case or controversy as Plaintiff's federal claims.

3. Pursuant to 28 U.S.C. §1391, venue is proper in the Southern District of Indiana, because a substantial part of the events giving rise to this lawsuit and the greatest percentage of defendants are located in Dearborn County, Indiana.

4. This action is brought pursuant to the implied right of action recognized in 20 U.S.C. § 1681; and pursuant to 42 U.S.C. § 1983, premised on the rights secured by the Eighth Amendment to the United States Constitution.

## Parties

5. James Frazee ("Frazee") is a citizen and resident of the State of Indiana, and at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

6. The Dearborn County Sheriff's Department ("DCSD") is located in the county seat of Dearborn County, which is in Lawrenceburg, Indiana. The Sheriff's Department is responsible for running the Dearborn County Jail. Dearborn County, Indiana is within the geographical boundaries of the Southern District of Indiana.

7. 2013 & 2014, Michael R. Kreinhop ("Kreinhop") was the elected Sheriff for Dearborn County, Indiana.

8. John Does, various unknown deputies and jail staff employed by the Dearborn County Sheriff's Department.

## Conditions Precedent

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## Factual Allegations

10. Advance Health Care ("Advance") had a contract with DCSD to provide medical services to its inmates.

11. The contract between Advance and DCSD was in effect between September 1st, 2013 and February 15, 2014.

12. The contract between Advance and DCDS only required Advance to provide medical treatment to DCDS inmates on predetermined times throughout the month.

13. Advance did not provide daily medical treatment to DCDS inmates.

14. Kreinhop was aware that Advance did not provide daily medical treatment to Dearborn County jail inmates.

15. Upon information and believe, Kreinhop would often authorize releasing inmates who were in need of medical attention, as opposed to providing inmates treatment at the jail or transporting inmates to nearby medical facilities at the jail's expense.

16. In January of 2014, Frazee was being held in Dearborn County Jail for criminal charges that he had pending in Dearborn County.

17. Frazee has a disability with his legs, and requires the use of a cane.

18. The DCSD was aware that Frazee needed assistance while being transported between jail and the courthouse.

19. During his initial court appearance, Frazee was brought from the Dearborn County Jail to the Court House in a wheelchair.

20. On all subsequent court appearances, Frazee requested that he be brought to the court house in a wheelchair.

21. Frazee specifically made a request to Deputy Carrie Combs on one such occasion.

22. On January 27, 2014, was brought to court for a change of plea hearing.

23. Frazee's request that he be transferred between the jail and the courthouse in a wheelchair was denied.

24. Frazee was not allowed access to his walking cane for this appearance.

25. During the change of plea hearing, the court accepted Frazee's request to withdraw his former plea of not guilty; the court sentenced him to the terms of a plea agreement. Frazee was remanded back to the custody of the DCSD.

26. Frazee remained in leg shackles and handcuffs, and was connected back to a chain of other inmates.

27. Frazee was led back to the jail by an unknown sheriff deputy, and again was instructed to walk by to the jail without the assistance of a wheel chair or walking cane.

28. As the elected Sheriff, Kreinhop had supervisory authority over the sheriff deputies and jail staff.

29. Upon information and belief, Kreinhop acquiesced to the method of transporting Frazee between the Court and jail.

30. During the return trip to jail, Frazee fell down a set of stairs.

31. This fall caused multiple fractures to Frazee's face, as well as other visible injuries.

32. Jail Staff and unknown deputies were aware of Frazee's injuries.

33. The DCSD provided Frazee with no medical treatment.

34. Advance provided Frazee with no medical treatment.

35. Frazee's pain intensified, and his injuries became more severe as a result of the failure of DCSD to provide medical treatment.

36. Instead of providing medical treatment to Frazee, or transporting him to a nearby medical facility, the DCSD contacted Frazee's daughter (Carrie Frazee) and discharged him from the jail into her custody.

37. Upon information and belief, the failure to provide medical treatment and/or transport Frazee to a medical facility was in accordance with the custom and practice of Kreinhop and the DCSD.

38. Frazee was taken by his daughter directly to Dearborn County Hospital, and admitted to the emergency room.

## Statement of Claims

## Count I – § 1983 claim, Violation of the Fourth & Eighth Amendment (individual Defendants)

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

40. Plaintiff was in the lawful custody of the Dearborn County Sheriff's Department.

41. Defendants were aware that Plaintiff was in need of physical assistance to be transported between the courthouse and the jail.

42. Defendants had knowledge that it was a risk to require the Plaintiff to walk down stairs while physically shackled without the assistance of a cane or a wheel chair.

43. Defendants were reckless and deliberately indifferent in the manner Plaintiff was transported from the courthouse to the jail.

44. Plaintiff had the right to be free from unreasonable search and seizures prior to his conviction under the 4th Amendment.

45. Plaintiff has the right to be free from cruel and unusual punishment under the 8th amendment after he was convicted and sentenced.

46. Plaintiff's injuries were the result of the Defendants' reckless and deliberately indifferent treatment of the Plaintiff.

47. After Plaintiff fell down the stairs, he was in need of medical attention.

48. Plaintiff's need for medical attention was clear and obvious.

49. Defendants were all government actors, who were acting under the color of state law as to all times in the complaint.

50. The Defendants were obligated to provide medical treatment to the Plaintiff.

51. The Defendants failed to provide proper medical treatment to the Plaintiff.

52. This failure to provide medical treatment was intentional, reckless, and/or indifferent.

53. The failure to provide medical treatment to the Plaintiffs is a violation of their 8th Amendment Rights to be free from cruel and unusual punishment.

54. By way of this claim, Plaintiffs are seeking all available compensatory and punitive damages, remedies, and just relief.

**Count II – Frazee's Claim of Negligence (Dearborn County Sheriff's Department and Unknown Sheriff Deputy)**

55. Plaintiff Frazee re-alleges and incorporates by reference all preceding paragraphs.

56. Defendants owed Plaintiff a duty of care.

57. The unknown sheriff deputy and/or jail staff member(s) were negligent in the manner that they transported Frazee between the courthouse and the jail.

58. The Dearborn County Sheriff's Department is vicariously liable for the actions of its employees.

59. The Dearborn County Sheriff's Department has a duty to provide safe passage between the courthouse and the jail and a hazard free premise.

60. Defendants were aware of Frazee's physical limitations and his inability to be safely transported between the jail and the courthouse without the assistance of a cane and/or wheel chair.

61. Defendants were aware that requiring Frazee to have his legs shackled and/or to be chained to other inmates could exacerbate his limitations in being safely transported.

62. Defendants breached their duty of care to the Plaintiff.

63. By way of this claim, Plaintiff is seeking all available & appropriate damages, remedies, and just relief.

## Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully pray for relief and judgment, as follows:

    I.   Awarding compensatory damages in favor of Plaintiff against all Defendants jointly and severally, for all damages sustained as a result of Defendants' wrong doing, in an amount to be proven at trial.

    II.   Awarding punitive damages in favor of Plaintiff against all individual Defendants jointly and severally, for all damages sustained as a result of Defendants' wrong doing, in an amount to be proven at trial.

    III.   Awarding Plaintiffs their reasonable costs and expenses incurred in this action, including attorney fees and expert fees; and

    IV. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**SWEENEY HAYES, LLC**
By:  *Kathleen M. Sweeney*
Kathleen M. Sweeney
ksween@gmail.com
Charles C. Hayes
charleshayes.atty@gmail.com
141 East Washington Street, Suite 225
Indianapolis, Indiana 46204
P: (317) 491-1050; F: (317) 491-1043
Attorneys for Plaintiff

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Frazee demands a trial by jury in this action on all issues so triable.

          Respectfully submitted,

          **SWEENEY HAYES, LLC**

By:    *Kathleen M. Sweeney*
       Kathleen M. Sweeney
       ksween@gmail.com
       Charles C. Hayes
       charleshayes.atty@gmail.com
       141 East Washington Street, Suite 225
       Indianapolis, Indiana 46204
       P: (317) 491-1050
       F: (317) 491-1043

Attorneys for Plaintiff