UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JAMES FRAZEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-00005-SEB-DML |
| | ) | |
| DEARBORN COUNTY SHERIFF'S DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION (DKT. 56), AND DISMISSING ACTION FOR LACK OF JURISDICTION**

In this action under 42 U.S.C. § 1983, on October 17, 2017, we granted summary judgment to the individual Defendants on Plaintiff's Eighth Amendment and state-law negligence claims, and denied summary judgment to Defendant Dearborn County Sheriff's Department on the negligence claim. Dkt. 52. Magistrate Judge Debra McVicker Lynch ordered the parties to show cause why jurisdiction over the case should not be relinquished in favor of the state courts'. Dkt. 53. The parties responded, Dkts. 54, 55, and the Department moved for reconsideration of our denial of summary judgment, arguing that Indiana sheriff's departments are not suable entities. Dkt. 56.

For the reasons explained below, the Department's motion is denied and the negligence claim is dismissed for lack of jurisdiction, terminating this action in federal court.

## I. The Motion for Reconsideration Is Denied

A district court may reconsider and amend any nonfinal order at any time before entry of final judgment. Fed. R. Civ. Pro. 54(b); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983); *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). A motion to reconsider may be granted as justice requires, *Azko Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1159 (N.D. Ind. 1995), but the court's orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Rather, the motion to reconsider is a remedy for problems that "rarely arise . . . [,]" rendering grant of the motion "equally rare": when the court has "patently misunderstood a party," has rendered a decision outside the issues presented to it, or has made an error "not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

The Department's motion presents two issues: whether an Indiana sheriff's department is a suable entity, and whether Frazee's evidence is sufficient to submit his negligence claim to the trier of fact.

### A. *An Indiana Sheriff's Department Is a Suable Entity*

The Department's position on summary judgment was that "[an Indiana] sheriff's department is a *department* of the County, not a separate governmental entity or a political subdivision." Defs.' Br. Supp. Summ. J. (Dkt. 44) 14. Relying on an established line of state and federal cases, we rejected that position. Mem. Order (Dkt. 52) 24 . The

Department's new position is that the Department "is not a suable entity, separate and distinct from *the Sheriff* or the County." Mot. Recons. (Dkt. 56) 3 (emphasis added). In other words, argues the Department, "the relevant issue here is . . . whether the Sheriff's Department can be sued as an entity separate from the elected Sheriff." *Id.* at 2.[1]

This is a novel argument raised for the first time in the instant motion. It is not a charge that our earlier decision patently misunderstood the Department, rendered a decision outside the issues presented, or committed an error of apprehension. Accordingly, it is not appropriately presented in a motion to reconsider an interlocutory order. *Bank of Waunakee*, 906 F.2d at 1191.

More importantly, however, it is simply incorrect:

> As to the Sheriff's Department, Defendants contend that the proper party is the Office of the Sheriff. . . . Of course this is all really just a matter of semantics since Defendants concede that there is a [municipal liability] claim; this is all just a dispute over naming the municipal body accurately. The court concludes that it makes no difference whether the named party is the "Sheriff's Department," the "Office of the Sheriff," or the "Sheriff in his Official Capacity." Suing an officer in his or her official capacity is no different than suing the municipal entity. As already established, the municipal entity is not [the county], nor is it the state of Indiana. Rather, the Sheriff's Department is the municipal entity. Therefore, naming the Sheriff in his official capacity is the same thing as bringing a suit against the Sheriff's Department.

---

[1] The Department attempts to support this position by citing a list of cases recognizing that, in Indiana, a city or town police department is not a suable entity separate from the city or town. Mot. Recons. 3. But that proposition (1) does not hold with respect to county sheriff's departments and counties, as we have held and as the Department does not seriously contest; and (2) has no applicability with respect to county sheriffs and county sheriff's departments. The true analogy, if any, would relate police chiefs to police departments.

*Burton v. Lacy*, No. 1:7-cv-918, 2008 WL 187552, at *5 (S.D. Ind. Jan. 18, 2008). While we reached that conclusion in the context of an action under 42 U.S.C. § 1983, *see id.*, Indiana courts have reached, or impliedly relied on, the same conclusion in the context of the Indiana Tort Claims Act. *Porter Cty. Sheriff Dep't v. Guzorek*, 857 N.E.2d 363 (Ind. 2006) (treating sheriff's department as "government entity" which ordinarily must be sued in place of entity's employees unless certain exceptions apply); *Hupp v. Hill*, 576 N.E.2d 1320, 1326 (Ind. Ct. App. 1991) (treating sheriff as "the governing body of [the] political subdivision" entitled to notice of tort claim); *Teague v. Boone*, 442 N.E.2d 1119, 1120 (Ind. Ct. App. 1982) (same).

Accordingly, the Department's motion on this ground is denied.

B. *The Department Waived Further Argument on Frazee's Negligence Claim*

The Department's summary judgment briefing maintained the nonamenability of an Indiana's sheriff's department to suit as the sole ground for judgment in its favor on Frazee's negligence claim. Defs.' Br. Supp. 14. The Department now contends that "there is no basis in the record to support a negligence claim." Mot. Recons. 3.

Again, the Department fails to charge the Court with a patent misunderstanding, a decision outside the issues presented, or an error of apprehension, and such failure dooms its motion. *Bank of Waunakee*, 906 F.2d at 1191. Motions to reconsider judicial orders, final or interlocutory, are not vehicles for the presentation of arguments that could have been raised in the original briefing. *Last Atlantis Capital LLC v. AGS Specialist Partners*, 819 F. Supp. 2d 708, 720 (N.D. Ill. 2010); *see Baker v. Lindgren*, 856 F.3d 498, 507 (7th Cir. 2017) (arguments are to be raised "at [the] earliest opportunity"); *United States v.*

4

*Funds in the Amount of $230,030.00 in U.S. Currency*, No. 11-cv-7779, 2013 WL 599561, at *3 (N.D. Ill. Feb. 14, 2013) (summary judgment arguments raised for first time in reply are waived) (citing *Citizens Against Ruining the Env't v. E.P.A.*, 535 F.3d 670, 676–77 (7th Cir. 2008)).

Moreover, the Department's new position is again simply incorrect. Contrary to the Department's cursorily developed argument, the absence of record evidence presenting a triable issue on the question of Albright or Butler's personal liability for cruel or unusual treatment of Frazee does not necessarily entitle the Department to judgment on the question of its vicarious liability for its employees' negligent treatment of Frazee.

Accordingly, the Department's motion on this ground is denied.

## II. Jurisdiction Over the Negligence Claim Against the Department Is Relinquished

Having denied the Department's motion for reconsideration, we must now decide whether to retain supplemental jurisdiction of the state-law claim against the Department.

When subject matter jurisdiction depends on federal question jurisdiction under 28 U.S.C. § 1331 and the federal causes of action drop from the case (either voluntarily by the plaintiff or, as here, involuntarily, on a Rule 56 motion), the court must decide whether to relinquish its supplemental jurisdiction over the state-law claim that remains. Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction" over a state-law claim if the court "has dismissed all claims over which it has original jurisdiction." As the Seventh Circuit has repeatedly stated, there is a *presumption* that a district court will relinquish jurisdiction when federal claims are

dismissed before trial. *E.g.*, *RWJ Mgmt. Co. v. BP Products North America, Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). The court should consider "judicial economy, convenience, fairness, and comity" when deciding whether to relinquish jurisdiction. *Id.*

Through a show cause order issued by Judge Lynch, the court directed the parties to address whether it should retain or relinquish supplemental jurisdiction. Plaintiff asks the court to retain jurisdiction because this case has been pending for a long time, discovery is closed, and he apparently is ready for a trial date to be set. The Department offers "no reason why this court should not relinquish jurisdiction."

The presumption that the court should relinquish jurisdiction has not been rebutted here. The court has not, contrary to Plaintiff's assertion, invested substantial resources into evaluating the negligence claim. Its work has been focused nearly exclusively on his constitutional claims. With respect to the negligence claim against the Department, the court's denial of summary judgment was based on its rejection of the Department's argument that it was not a proper defendant, and not on an evaluation of the facts underlying Plaintiff's contention that the Department is liable for his injuries based on *respondeat superior* principles. Plaintiff's own work in prosecuting his negligence claim while in this court is not wasted because of the need to refile it in state court. He can use in state court all of the materials, including discovery and his own work product, that have been created while the case was pending here. There is no indication that a trial setting in state court must, or even likely would, occur later than the time that this court would be able to conduct a jury trial.

Plaintiff has an Indiana state-law claim against an Indiana defendant. We are convinced that judicial economy, fairness, convenience, and comity (in particular) counsel in favor of its relinquishing jurisdiction so that the adjudication of the negligence claim can be made in an Indiana state court with a state-court jury and presided over by a state-court judge. Accordingly, we relinquish supplemental jurisdiction over the remaining negligence claim against the Department.

## **Conclusion and Order**

For the reasons explained above:

The Department's motion for reconsideration [Dkt. 56] is DENIED.

Plaintiff's negligence claim against the Department is DISMISSED WITHOUT PREJUDICE.

Final judgment will issue accordingly. Fed. R. Civ. P. 58(a).

IT IS SO ORDERED.

Date: 9/28/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Charles C. Hayes
HAYES RUEMMELE LLC
charleshayes.atty@gmail.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Fishers)
lroberts@cchalaw.com